## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## NORTHERN DIVISION

NICHOLAS McCULLAR                                                    PLAINTIFF
ADC #167292

v.                              No: 3:23-cv-00038-DPM-PSH

EDITH ELLIOT                                                         DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDATION

## INSTRUCTIONS

The following Recommendation has been sent to Chief United States District Judge D.P. Marshall Jr. You may file written objections to all or part of this Recommendation.  If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation.  By not objecting, you may waive the right to appeal questions of fact.

## DISPOSITION

Plaintiff Nicholas McCullar, an Arkansas Division of Corrections inmate held at the Sharp County Detention Center, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 on February 7, 2023 (Doc. No. 2).  McCullar was subsequently granted leave to proceed *in forma pauperis* ("IFP") (Doc. No. 5).  For the reasons set forth herein,

the Court recommends that his claims be dismissed for failure to state a claim upon which relief may be granted.

## I. Screening Standard

Before docketing the complaint, or as soon thereafter as practicable, the Court must review the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. Rule 8 of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007), the Court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level," *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). A complaint must contain enough facts to state a claim for relief that is plausible on its face, not merely conceivable. *Twombly* at 570. However, a *pro se* plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir.2002) (citations omitted).

## II. Analysis

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that the conduct of a defendant acting under color of state law deprived him of a right, privilege, or immunity secured by the United States Constitution or by federal law. 42 U.S.C. § 1983. McCullar does not allege the violation of any constitutional right. Rather, he complains that he is an ADC inmate who has been held at the Sharp County Detention Center for more than 150 days waiting to be transported to the ADC. Doc. No. 2 at 4. He says he is "filing for a writ of habeas corpus to either call ADC and come transport or be paroled out from the county with time served." *Id.* He does not complain about any particular conditions at the Sharp County Detention Facility or provide any reason he should not be held at a county facility.

A prisoner enjoys no constitutional right to a particular place of confinement. *Meachum v. Fano*, 427 U.S. 215, 224-25 (1976); *Goff v. Burton*, 7 F.3d 734, 737 (8th Cir. 1993). And although McCullar states he is filing for a writ of habeas corpus, he does not challenge his conviction or necessarily seek release.[1] An inmate has no right to be paroled before he has served his sentence. *See Greenholtz v. Inmates of Neb. Penal & Corr. Complex,* 442 U.S. 1, 7 (1979); *Jackson v. Nixon*, 747 F.3d 537, 551 (8th Cir. 2014).

---

[1] If release from confinement is sought, the appropriate action is a federal habeas petition, pursuant to 28 U.S.C. § 2254, once the prisoner has exhausted his available remedies in state court. *Preiser v. Rodriguez*, 411 U.S. 475, 484, 499 (1973).

For these reasons, McCullar's complaint should be dismissed without prejudice for failure to state a claim upon which relief may be granted.

### III. Conclusion

For the reasons stated herein, it is recommended that:

1.    McCullar's claims be dismissed without prejudice for failure to state a claim upon which relief may be granted.

2.    Dismissal of this action count as a "strike" within the meaning of 28 U.S.C. § 1915(g).

3.    The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from the order adopting this recommendation or the accompanying judgment would not be taken in good faith.

IT IS SO RECOMMENDED this 17th day of March, 2023.

_____
UNITED STATES MAGISTRATE JUDGE